## ERIE R. CO. v. VAJO.
### No. 5480.

Circuit Court of Appeals, Sixth Circuit.
June 13, 1930.

E. A. Foote, of Cleveland, Ohio (Cook, McGowan, Foote, Bushnell & Burgess, of Cleveland, Ohio, on the brief), for appellant.

Harry Clark, of Cleveland, Ohio (Bernsteen & Bernsteen, of Cleveland, Ohio, on the brief), for appellee.

Before DENISON, MACK, and HICKS, Circuit Judges.

### PER CURIAM.

As a workman in the railroad shops Vajo was required to do some work which took him upon a scaffold 17 or 18 feet from the floor. A heavy ladder, 25 feet long, was placed for him by the foreman and a helper. Vajo went up the ladder and along the scaffold to his work. While he was there, the ladder was moved over to one side to clear some operation on the floor, and then was returned, the foreman and a helper moving it each time. When replaced the bottom was slightly to one side of the former position and was out about a foot further from the beam. When Vajo returned and started down the ladder, the bottom slipped out, the ladder fell and he received the injury for which he brought this action and recovered judgment.

■■ 1. There was no error in refusing to direct a verdict for defendant. There is, upon this record, no room to think that the slipping of the ladder was caused by Vajo's manipulation of it, or for any reason other than because the foreman and his assistant in replacing it had set the bottom upon a greasy spot, or at too great an angle from the perpendicular, or both. Although the court cannot, as a matter of law, declare this to be negligence, yet it was within the province of the jury thus to characterize what the foreman did—even without any finding that the ladder was within the class, "ways, works * * * appliances or tools [except simple tools]" of Ohio Gen. Code, § 6245, and that therefore its demonstrated unsafe condition was prima facie evidence of negligence. Under either the common law .rule or the statute, the inference of negligence would be destroyed if the jury should conclude that "the defect was not discoverable in the exercise of ordinary care." Upon this issue the jury might have found for either party; the fellow-servant rule does not here apply (Gen. Code, § 6242); and there was no clear and certain contributory negligence or assumption of risk.

■■ 2. The record contains no evidence to the effect that in such circumstances it was customary to use, or that ordinary prudence required defendant to use, cleats or irons at the bottom of such a ladder to prevent slipping; and the courts cannot judicially know any such requirement. The charge of the court instructed the jury that a verdict for plaintiff might rest upon the absence of such cleats even if there were otherwise no negligence in placing the ladder; and this independent ground of negligence, rather than the wrongful placing of a ladder not inherently defective, may have been the basis of the verdict found.

For this error, the judgment must be reversed and a new trial awarded.